NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUCIA CARRILLO LOPEZ DE GARCIA; YESICA GARCIA CARRILLO; YEINER GARCIA CARRILLO; DILAN GARCIA CARRILLO,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-1355<br><br>Agency Nos.<br>A220-489-175<br>A220-489-176<br>A220-489-177<br>A220-489-178<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025[**]
Seattle, Washington

Before: McKEOWN, PAEZ, and DESAI, Circuit Judges.

Lucia Carrillo Lopez de Garcia and her three minor children, derivative

petitioners (collectively, "petitioners"), are citizens of Guatemala. They seek review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Under this standard, the court "must uphold the [BIA] determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. Petitioners argue that the BIA did not consider their allegations of future persecution. But petitioners' documentary evidence and testimony show only general violence and crime in Guatemala, which do not alone establish an "objectively reasonable" fear of future persecution. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1022 (9th Cir. 2023). Substantial evidence thus supports the BIA's finding that petitioners failed to show the requisite likelihood of future persecution for their asylum and withholding of removal claims.

2. Petitioners also argue that the BIA erred in evaluating their CAT claim. We conclude that substantial evidence supports the BIA's finding that it is not "more likely than not" petitioners will be tortured if returned to Guatemala. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889, 894 (9th Cir. 2018). Petitioners' evidence

of general violence and crime in Guatemala, coupled with testimony about threatening phone calls Carrillo Lopez de Garcia received, "is insufficient to meet [CAT's] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Substantial evidence supports the BIA's denial of asylum, withholding of removal, and CAT protection.

**PETITION DENIED**.